## MISSOURI, K. & T. RY. CO. OF TEXAS v. BRISCOE.

(Court of Civil Appeals of Texas. April 6, 1911.)

RAILROADS (§ 401*)—PERSONS ON TRACK—INJURIES — USE OF TRACK BY PUBLIC — INSTRUCTIONS.

Where plaintiff was injured by walking along a side track in a railroad yard by a car being pushed against him, an instruction that plaintiff was a trespasser on the right of way, unless the public had for a long time used the right of way as a footpath, and that such use was acquiesced in by the railroad company, in which case the law implies permission for plaintiff to use its right of way as a footpath, was erroneous as misleading the jury to believe that plaintiff would not be a trespasser on the side track when he was injured, if the public used any part of the right of way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1382–1390; Dec. Dig. § 401.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by W. H. Briscoe against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 102 Tex. 505, 119 S. W. 844.

Garnett & Garnett, for appellant. Stuart & Bell, for appellee.

LEVY, J. Appellee, who was not an employé of appellant, was walking through the company's yard to the Waters-Pierce Oil Company office located in the yard, with the view of securing certain work from that company. He walked up the house track of appellant until he came to a car that was being loaded with household goods from the platform of the freight depot; then he stepped into the space between the house track and the main line track. He saw a passenger train coming toward him on the main line, and fearing some danger stepped back on the house track in the rear of the car being loaded with household goods. While appellee was thus standing, a switch engine being operated on the house track suddenly kicked some cars against the car being loaded, and in the rear of which appellee was standing, and knocked the car against appellee, resulting in injury to him. Appellee predicates the claim of negligence in knocking the car against him on the house track, and the space between the tracks at the place he was injured being constantly used by the public generally as a footpath with the knowledge and acquiescence of appellant. Appellant answered by denial, and pleaded contributory negligence. In a jury trial, the verdict was for appellee.

Assignment for error is made of the following portion of the court's charge to the jury: "A person who goes upon the private property of another without his consent, either express or implied, is a trespasser; and in this case the plaintiff was a trespasser upon the right of way of the defendant at the time of his injury, unless you find from the evidence that the public had for a long time used the defendant's right of way as a footpath, and that such use of the defendant's right of way by the public was known to the defendant company and acquiesced in by said company; and, if you so find, then the law implies a permission on the part of the defendant for the plaintiff to use its right of way as a footpath." It is contended that the effect of such charge, in the use of the term "right of way," in the light of the testimony, is to relieve appellee of being a trespasser upon the house track when he was injured, if the public with appellant's consent used any part of the right of way.

According to the evidence, appellant's yard extended entirely between California and Broadway streets. The freight depot is located there between the streets. On the east of the depot is the house track, the main line, and the team track. The house track is close to the depot platform, and the distance between the house track and the main line and the main line and the team track is about 10 feet each. On the west of the depot is a material track. All these tracks extend the distance between California and Broadway streets. On the west of the depot and between the depot and the material track, a distance of 21 feet, and commencing at California street and running through to Broadway street, is a roadway constantly used, according to the evidence, by the public. This roadway is on and a part of the right of way. On the east of the team track is a driveway and walkway from street to street, which is on and a part of the right of way. According to the evidence, there is a wide platform on the east side of the freight depot, which extends to Broadway street, with steps at each end, used by the public to enter the depot. This is on the right of way. Appellee was using the house track and the space between the house track and the main line track.

So, in view of the evidence, there was reversible error, we think, in the court's charge. It authorized and required the jury to find that appellee's use of that portion of the right of way where he was injured was by license and implied consent of the company, if the public used any other portion of the right of way by appellant's consent. The issue was as to whether that particular part of the yard the appellee was using was so used by the public generally and constantly as to give implied consent of the appellant to use it as a walkway. The evidence is conflicting, we think,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

on this point, and it is a vital point in the case. The charge is clearly misleading and prejudicial. Because the public constantly used the right of way west of the depot, or that part east of the team track, would not license, as a matter of law, the appellee to walk on the house track, or to walk between the house track and the main line. And the jury could have understood by the charge that the use by the public of these given parts of the right of way gave the appellee the right to also use the house track or the other space as a walkway. It is true that there was an issue as to whether the part of the track where appellee was injured was constantly used by the public as a walkway, and the jury might by their present verdict have come to the conclusion that it was so used. But it cannot be said, in view of the evidence and the further fact that the evidence was conflicting as to whether the place where appellee was injured was habitually used as a walkway by the public, that the jury did not arrive at their verdict that appellee was not a trespasser by construing the charge as authorizing appellee to have the right to use the house track as a walkway solely because the public habitually used other parts of the right of way.

In view of this error requiring a reversal, we do not here determine or discuss the assignment for error that the verdict that appellee was not guilty of contributory negligence was contrary to the evidence.

The judgment was ordered reversed, and the cause remanded.